UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

CARROLL WILSON SCOTT,
    PLAINTIFF

v.                                                    CASE NO:_____

THE UNITED STATES OF AMERICA,
    DEFENDANT.

## COMPLAINT

Comes now the Plaintiff, by Counsel, and demands judgment against the United States of America in the amount of $450,000.00 and in support of such demand states as follows:

1. The Plaintiff is a resident of the City of Suffolk, Virginia

2. At the time and place set forth, the Plaintiff was severely injured as a result of the negligence of Richard Lee, a mail carrier who was the agent, servant and employee of the United States Postal Service.

3. Plaintiff was injured as a result of the negligence of an agent, servant or employee of a federal agency and is filing this Complaint against the Defendant, the United States of America pursuant to the Federal Tort Claims Act 28 U.S.C. 2671, *et seq.* and 39 U.S.C. 409.

4. This Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. 1346(b)(1) and 28 U.S.C. 1402(b).

5. The negligence set forth hereafter occurred on April 4, 2017 and that on or about April 3, 2019, pursuant to the Federal Tort Claims Act filed his "CLAIM FOR DAMAGE INJURY OR DEATH" with the United States Postal Service via United States Mail.

1

6. In a letter to Plaintiff's counsel dated December 27, 2019, which letter was received on December 30, 2019 Plaintiff was notified on behalf of the United States of America and the United States Postal Service that his claim was denied and he can file suit in a United States District Court.  A copy of said December 27, 2019 letter is attached hereto as "Exhibit A."

7. Pursuant to the Federal Tort Claims Act, the Plaintiff's claim has been denied and he now seeks relief in this Honorable Court pursuant to the provisions of the Federal Tort Claims Act.

8. On April 4, 2017 at approximately 11:30am, the Plaintiff was in his vehicle at a red stop light on Airline Boulevard at the intersection with Frederick Boulevard in the City of Portsmouth, Virginia, within the Eastern District of Virginia, when Richard Lee, who was operating a United States Postal Service vehicle, while immediately behind the Plaintiff's vehicle, negligently drove forward prior to the traffic light turning green and struck the Plaintiff's vehicle, causing the Plaintiff to suffer physical and emotional injuries resulting in a great deal of medical care and pain and suffering.

9. At all times relevant hereto, Richard Lee was operating the aforementioned United States Postal Service vehicle as an agent, servant or employee of the United States of America and at all times was acting within the scope of his employment.

10. At the time and place aforesaid, it was the duty of Richard Lee to operate the motor vehicle free from negligence and in a lawful and proper manner with reasonable

care and due regard for the safety of others lawfully using the highway, including the Plaintiff.

11. Notwithstanding such duties, Richard Lee then did so carelessly and recklessly and negligently operate the motor vehicle as to cause his vehicle to collide with the Plaintiff's vehicle with force and violence.

12. The Defendant, the United States of America, is vicariously responsible for the negligence of Richard Lee pursuant to the provisions of the Federal Tort Claims Act.

13. Richard Lee was careless, reckless and negligence in that he failed to keep a proper lookout, failed to obey a red stop light, did not apply his brakes in time to avoid a collision, failed to keep his vehicle under proper control and failed to operate the vehicle in a safe manner.

14. As a direct and proximate result of the careless, reckless and negligent acts of Richard Lee, Plaintiff suffered severe physical, psychological and emotional injuries and distress; suffered severe pain of body and mind; incurred medical bills, hospital bills and pharmacy bills in an effort to be cured of such injuries, suffered humiliation and embarrassment, and suffered financial and pecuniary loss.

15. The Plaintiff was free from any negligence or fault whatsoever regarding said collision and did not assume the risk of the aforesaid injuries and damages.

**WHEREFORE, THE PLAINTIFF DEMANDS** that judgment be entered against the Defendant, **THE UNITED STATES OF AMERICA,** in the amount of **FOUR HUNDRED FIFTY THOUSAND DOLLARS ($450,000.00)** for compensatory damages and his costs herein expended and any other relief this Court deems appropriate.

3

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

    CARROLL WILSON SCOTT

    BY *[signature]*
    STEVEN M. OSER, ESQUIRE

Steven M. Oser, Esquire
VSB No. 29767
Steven M. Oser, P.C.
Counsel for Plaintiff
312 N. Main Street
Suffolk, VA 23434
Phone: 757-539-4127
Facsimile: 757-809-4394
Email: steven@oserlegal.com

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

CERTIFIED MAIL NO. 7019 0140 0000 4285 2784
RETURN RECEIPT REQUESTED

December 27, 2019

Steven M. Oser
Steven M. Oser, PC
Attorney and Counselor at Law
312 N. Main St.
Suffolk, VA 23434

*delivered December 30th, 2019*

Re:   Your Client:        Carroll Wilson Scott
      Date of incident:   April 4, 2018
      NTC Claim No.:      NT201929168

Dear Mr. Oser:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act as a result of injuries allegedly sustained on or about April 4, 2018.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, the injuries claimed are not causally related to the April 4, 2018 motor vehicle accident and, therefore, cannot accept legal liability for your client's alleged damages. Accordingly, his administrative claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893


EXHIBIT A

- 2 -

period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Javier Soto-Arocho
Tort Claims Examiner/Adjudicator
314/345-5868

cc:  Sandra Durham
     Tort Claim Coordinator
     File No. 230-17-00342888A